IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENWAYNE COLEMAN, | § | |
| TDCJ #1275904, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2008 |
| | § | |
| WARDEN HICKS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

State inmate Kenwayne Coleman has filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and he has submitted a motion to proceed with his claims *in forma pauperis*. After conducting a preliminary review of the pleadings, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.    DISCUSSION

Kenwayne Coleman is presently incarcerated at the Joe Kegan State Jail Facility of the Texas Department of Criminal Justice ("TDCJ") in Houston, Texas. He sues Warden Hicks and dentist Charles Rhyne. Coleman complains that he was denied adequate medical care on April 13, 2005, when Rhyne prescribed pain medication but refused to extract a painful tooth. Noting that he does not have much time left to serve on his sentence, Coleman seeks compensatory damages for the full cost of dental care that he will incur after he leaves the jail. The Court concludes, however, that Coleman's complaint must be dismissed as premature for lack of exhaustion.

This civil rights lawsuit is governed by the Prison Litigation Reform Act (the "PLRA"), which prohibits any action in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  It is settled that, irrespective of the forms of relief sought, § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file a civil rights suit in federal court.  *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed.2d 958 (2001). This requirement is based on the recognition that Congress enacted the exhaustion provision found in § 1997e(a) to allow prison officials the time and the opportunity to investigate and to address complaints internally.  *See Porter*, 534 U.S. at 525; *see also Prieser v. Rodriguez*, 411 U.S. 475, 492, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973) ("Since [the] internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems.").  By requiring a prisoner to comply with grievance procedures, prison officials may be able to take corrective action, resolving the grievance without resort to federal court.  *See Porter*, 534 U.S. at 525.  Administrative review thus serves to filter out frivolous claims or, in the event of a federal case, allows prison officials the opportunity to develop an administrative record to facilitate adjudication of that case.  *See id.*

The Texas prison system has developed a two-part formal grievance process, both steps of which must be completed before a claim is considered exhausted.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th

Cir. 2001).   The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility.  *See Johnson*, 358 F.3d at 515. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level.  *See id.*; *see also Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the TDCJ grievance process in more detail).

Coleman has presented a Step 1 grievance dated April 29, 2005, which details his complaint about Rhyne's refusal to extract a tooth.  Coleman also presents a Step 2 grievance dated May 26, 2005.  The Step 2 grievance filed by Coleman concedes that he filed it without waiting for a response to the Step 1 form submitted by him previously.  A review of these exhibits shows that state prison officials have not yet completed their investigation or made a response to either grievance.  Moreover, while the grievances mention Rhyne by name, they make no reference to any claim against the other defendant named in this case, Warden Hicks.  Because it appears clear from the pleadings that the plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed.  *See Wright*, 260 F.3d at 359. The dismissal is without prejudice to re-filing once this claim is properly exhausted.  *See id*.

## II.   CONCLUSION

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.   The plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2.   The Court will not enter a collection order for the filing fee at this time

because the plaintiff's suit is premature.

3.   The plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **June 14, 2005**.

_____

Nancy F. Atlas
United States District Judge